## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Aaron Meseck, individually, and collectively on behalf of current and former employees, similarly situated,

Civil Action No: 0:10-cv-00965-JRT-AJB

Plaintiff,

v.

**AMENDED COMPLAINT**
**(JURY TRIAL DEMANDED)**

TAK Communications, Inc., Micah Mauney, and Brian Boyden

Defendants.

---

Plaintiffs, by and through their attorneys, Doda & McGeeney, P.A., bring the following action for violation of the Fair Labor Standards Act and Minnesota State law. Plaintiff states the following against Defendants:

## INTRODUCTION

1.     This is a collective action for unpaid wages and overtime brought pursuant to 29 U.S.C. § 201, et seq. ("FLSA"), and a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, and the Minnesota wage payment and overtime laws, Minn. Stat. § 177.21, et. seq. ("MNFLSA").

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction of the FLSA action pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1332(d)(2).

3.     This Court has original jurisdiction over state law claims in this action pursuant to 28 U.S.C. § 1332(d)(2) because this is a class action in which the amount in controversy exceeds $5,000,000 and at least some members of the proposed class have different citizenship from

Defendants.  In addition, this Court has supplemental jurisdiction over the state law claims

pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a) and (c) because a

substantial part of the events or omission giving rise to these claims occurred within this Judicial

District, and because Defendant resides in this Judicial District and that it regularly conducts

business within this Judicial District, and thus is subject to personal jurisdiction here.

## PARTIES

5.      Plaintiff Aaron Meseck is a U.S. Citizen and a citizen of Minnesota, who resides

at 2114 Arlen Court SW, Rochester, Minnesota 55902.  Plaintiff is a citizen of Minnesota

because he is domiciled in Minnesota and intends to remain there indefinitely.

6.      Plaintiff was employed as an Installer Technician with Defendants during the

applicable limitations period.

7.      Plaintiff is an "employee" within the meaning of 29 U.S.C. § 203(e)(1) and Minn.

Stat. § 177.23.

8.      Plaintiff has consented in writing to be a party plaintiff in this action, and the

written consent form required by 29 U.S.C. § 216(b) is included and attached to this Complaint

as Exhibit A.

9.      Defendant TAK Communications, Inc. ("TAK") is a South Dakota corporation,

and is engaged in the cable television, internet, and telecommunication installation and service

business and has been a South Dakota corporation since February 10, 2004.  TAK has been

registered as a Foreign Corporation with the State of Minnesota since September 7, 2007.

TAK's principal place of business is located at 4301 West 57th Street, Suite 131, Sioux Falls,

South Dakota, 57108, and its registered agent is Andrew E. Hagemann, Jr., located at 912 3rd

Avenue, Worthington, Minnesota 56187.

10.     TAK is an "Employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and

within the meaning of Minn. Stat. § 177.23.  Defendant Micah Mauney ("Mauney") is a

shareholder and officer of TAK, and exercises control over, among other things, employee

wages, hours worked and not worked, compensation provided, compensation policies, and

circumstances surrounding matriculation and/or separation from employment.  Mauney is an

"Employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and within the meaning of

Minn. Stat. § 177.23.  Defendant Brian Boyden ("Boyden") is a shareholder and officer of TAK,

and exercises control over, among other things, employee wages, hours worked and not worked,

compensation provided, compensation policies, and circumstances surrounding matriculation

and/or separation from employment.  Boyden is an "Employer" within the meaning of the FLSA,

29 U.S.C. § 203(d), and within the meaning of Minn. Stat. § 177.23.

## COLLECTIVE CLASS ALLEGATIONS

11.     Plaintiff seeks to represent an FLSA National Class.  The FLSA National Class

(Counts I-II) consists of all current and former TAK employees who are or were employed by

Defendants in the United States as Installer Technicians who performed the tasks and activities

described in Paragraph 12.A. without receiving proper compensation within the past three years.

12.     There are questions of law and fact common to the Class Members, including the

following:

        A.  Whether Defendants required Plaintiff and the Class Members to engage in

            the following non-exclusive list of work activities without being paid or

            properly being paid over-time for said work activities:

3

i.    Return unused equipment/supplies from the previous day;

ii.    Load equipment/supplies necessary for the current day's work;

iii.    Assemble and meet with supervisor prior to leaving for first job;

iv.    Log on to employer issued personal data assistant (PDA) to check for work orders for the day;

v.    Calculate and determine necessary equipment for the individual jobs, inventory the equipment, pick up the equipment and scan the serial numbers into spreadsheets, load into totes, and then onto work vehicles;

vi.    Attend mandatory meeting with supervisor prior to leaving for the first job, to discuss issues such as safety and other work related issues;

vii.    Performing safety and maintenance checks on their work vehicles, having the oil changed and/or other routine maintenance;

viii.    Traveling to their assigned job (customer) at the start of each work day after loading their vehicles and performing a vehicle maintenance check;

ix.    Traveling from one customer's dwelling or business to another's dwelling or business;

x.    Performing equipment swaps with other Installer Technicians;

xi.    Assisting other Installer Technicians with the installation and service work as required;

xii.   Traveling to and from a customer's home and performing service work on installations that were not completed successfully, through no fault of the Installer Technician;

xiii.   Traveling to and from a customer's home to redo and/or fix problems or address complaints of customers concerning an installation or service call;

xiv.   Travelling to their respective tech centers to attend briefing with supervisor;

xv.   Unload work vehicle of unused equipment, complete inventory log and scan equipment back into used inventory;

xvi.   Complete paperwork, including, without limitation, daily reconciliation sheets;

xvii.   Performing installation or service activities for which the putative Class Members were not fully compensated; and

xviii.Performing installation or service activities during lunch hours for which the putative Class Members were not compensated.

B.   Whether the work activities described in Subparagraph A constitute an integral and indispensable part of their jobs;

C.   Whether the work activities described in Subparagraph A were pursued necessarily and primarily for the benefit ofDefendants' business;

D.   Whether Defendants paid Plaintiff and Class Members either wages or overtime wages for the work activities described in Subparagraph A;

E.   Whether Defendants are required to pay Plaintiff and the Class Members for the work activities described in Subparagraph A under the FLSA and state law;

F.   Whether Defendants had knowledge that the Class Members were performing the work activities set forth in Subparagraph A above;

G.   Whether Defendants calculated and properly paid commissions and shift differential, if any, pursuant to the formulas set forth in the FLSA and Minnesota state law;

H.   Whether Defendants' failure to pay Plaintiff and the Class Members for the work activities described in Subparagraph A was "willful" and whether Defendants reasonably should have known that it was work performed within the meaning of 28 U.S.C. § 255(a);

I.   Whether Defendants are liable under Minnesota law for the policies identified above;

J.   Whether Defendants' piece rate payment scheme complied with federal and Minnesota state law.

## **MINNESOTA STATE CLASS ALLEGATIONS**

13.   Plaintiff also seeks to represent a Minnesota Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, consisting of all Minnesota citizens who meet the criteria set forth in Paragraph 11., but assert their claims pursuant to Counts III through IV.

14.   The claims of Plaintiff are typical of the Class he seeks to represent.  Moreover, the questions of law or fact common to the members of the Class predominate over any questions

affecting only individual members, as all Class Members are current or former employees who were not paid for the work activities described in Paragraph 12.A.

16. Plaintiff will fairly and adequately protect the interests of the Class. The interest of Plaintiff as the named Plaintiff is consistent with, and not antagonistic to, those of the Class.

16. Plaintiff and the Class Members are represented by competent counsel that are experienced in complex class action litigation, involving wage and hour and other employment law claims.

17. A class action is superior to other available methods for the fair and efficient adjudication of this controversy and is consistent with the legislative history and objectives of the FLSA and MNFLSA.

18. Maintenance of this action as a class action will promote the equitable administration of justice because pursuing claims on an individual basis would be disproportionately expensive.

19. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants.

20. The Defendants have acted or refused to act on grounds generally applicable to the Class, thereby necessitating declaratory and injunctive relief, which is a predominant goal of the Class Members.

## FACTUAL ALLEGATIONS

21. TAK is a corporation engaged in the business of the cable television and internet industry providing direct sales, installation services, construction of video, internet and telecommunication services throughout portions of the United States. Mauney and Boyden are

individual shareholders and officers of TAK, and exercise control over, among other things, employee wages, hours worked and not worked, compensation provided, compensation policies, and circumstances surrounding matriculation and/or separation from employment.  As a result, Mauney and Boyden act directly or indirectly in the interest of TAK in relation to the Installation Technicians

22.     In order to engage in the business outlined in Paragraph 21 above, Defendants employ hundreds of individuals, generally referred to as Installer Technicians.

23.     The individuals who are responsible for installing, upgrading, troubleshooting, maintaining, and servicing Defendants' installation of cable television and internet are generally referred to as Installer Technicians.  Many of these employees are authorized to and do drive company vehicles owned, leased or leased to own from Defendants to the Installer Technicians. The cost of ownership or lease of the vehicle, insurance, maintenance, and other operating costs are deducted by Defendants from the Installer Technician's wages.

24.     Based upon Defendants' internet recruitment, the duties of the Installer Technicians appear to be identical across the United States.

25.     As a regular and on-going part of their job duties, the Class Members are required to drive to various job sites in order to install, upgrade, troubleshoot, maintain and service Defendants' installation of cable television and internet.

26.     After the Class Members complete their work at the final job site each day, they drive their work vehicles to their respective tech centers.  Once there, Defendants require that the Class Members unload the various necessary pieces of equipment from their work vehicle, complete an inventory log and scan the equipment back into the used inventory and complete their paperwork, including, without limitation, the daily reconciliation sheets.

27.     At the start of each work day, Defendants require that the class members reassemble equipment for individual jobs, scan the inventory into spreadsheets, and re-load the equipment into their work vehicles.

28.     The Class Members should be compensated for the work activities described in Paragraphs 25 through 27 because these activities constitute an integral and indispensible part of their employment with Defendants and are pursued necessarily and primarily for the benefit of Defendants' business.  These activities are principal work activities for purposes of the continuous work day.

29.     Defendants' policy and practice is not to pay the Class Members for the work activities described in Paragraphs 25 through 27.

30.     At the start of each work day, the Class Members must perform a safety and maintenance check on their work vehicles.

31.     The Class Members should be compensated for the work activity described in Paragraph 30 above because this activity constitutes an integral and indispensible part of the employment with Defendants and is pursued necessarily and primarily for Defendants' benefit.

32.     Defendants' policy and practice is not to pay the Class Members for the work activities described in Paragraph 30 above.

33.     At the start of each work day, after the Class Members inventory, scan and load the day's work equipment into their work vehicles, the Class Members drive to their first appointment to which they are assigned.

34.     The Class Members should be compensated for the work activity described in Paragraph 33 above because it directly follows the loading of necessary work equipment into their vehicle, which is itself a "principal activity" under § 4(a) of the Portal to Portal Act.

Because the driving time described in Paragraph 33 is directly subsequent to a principal activity, it is compensable under the FLSA and MNFLSA and pursuant to the well-established continuous work day principle.  In addition, the work described in Paragraph 33 is compensable travel time under 29 C.F.R. §§ 785.34, 785.35, 785.38 and the applicable wage and hour laws in Minnesota.

35.      Defendants' policy and practice is to not pay the Class Members for the work activities described in Paragraph 33.

36.      After the Class Members complete their final field assignment of the day, the Class Members drive to their respective tech center, where they are required to unload their equipment from their work vehicles, inventory it, and scan it back in.

37.      The Class Members should be compensated for the work activity described in Paragraph 36 above because it directly precedes the unloading of the necessary equipment from their work vehicles, which is a principal activity under § 4(a) of the Portal to Portal Act.  In addition, the work described in Paragraph 36 is compensable travel time under 29 C.F.R. §§ 785.34, 785.35, 785.38 and the applicable wage and hour laws in Minnesota.

38.      Defendants' policy and practice is to not pay the Class Members for the work described in Paragraph 36.

39.      Each day Class Members are required to complete a daily reconciliation sheet that documents the work that they performed during the work day, reconcile equipment inventories and clean, organize and stock supplies in their work vehicles as well as the other non-exclusive list of tasks they are required to do as outlined in Paragraph 12.  In addition, Plaintiff and the Class Members routinely start work early and work late because they cannot otherwise complete the required number of expected jobs per day without getting written up under Defendants' performance improvement policies and procedures.

40.     The Class Members should be compensated for the work activities described in Paragraph 39 above because these activities constitute an integral and indispensable part of their employment with Defendants and are pursued necessarily and primarily for the benefit of Defendants' business.

41.     Defendants' policy and practice is to not pay the Class Members for the work described in Paragraph 39.

42.     The Class Members only get paid for jobs that they complete.  They routinely do not record all of the time they spend working, because, due to the number of jobs they are required to complete each day and the efficiency demands that are placed on them by Defendants, they would be written up under Defendants' performance improvement polices and procedures.  Supervisors and management of Defendants are aware of and acquiesce to the fact that Class Members do not record all of their time.

43.     The Class Members should be compensated for the entire duration of their work day, as well as for all of the work they do that is not directly related to work at a customer's home/business as described in Paragraph 12 and 42, because these activities constitute an integral and indispensable part of their employment with Defendants and are pursued necessarily and primarily for the benefit of Defendants' business and is a policy that is commonly applied to all Class Members.

44.     Defendants' policy and practice is to only pay the Class Members a flat fee for their completed jobs, and not to pay Class Members at all for their so called non-productive time. This policy and practice is prohibited by 29 U.S.C. § 207(a)(g); 29 C.F.R. § 785.15, 778.111, and the applicable wage and hour laws in Minnesota.

45.     Defendants' policy and practice of not paying Class Members for the time they spend in the activities described above is "willful" within the meaning of 28 U.S.C. § 25(a) and the applicable wage and hour laws in Minnesota.

46.     The Class Members who are employed to perform the job duties of Installer Technician are assigned to specific, numerically ranked levels of seniority and/or proficiency, which typically range from 1-6.

47.     Defendants' policy and practice is to compensate the Class Members based on their proficiency rankings; i.e. the higher their rate of proficiency, the higher rate of pay per completed job.  Therefore, in order to achieve the higher proficiency rating and higher rate of pay per completed job, the Class Members are encouraged to complete more jobs per day, but not to record all the time they spend completing the jobs and other tasks as enumerated above.

**COUNT I—**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT—**
**FAILURE TO PAY OVERTIME COMPENSATION**

48.     Plaintiff re-alleges and incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

49.     During the three years preceding this action, or since the commencement of employment (whichever is applicable), Defendants have failed to pay Plaintiff and the Class Members for the activities described in the above paragraphs.  In so doing, Defendants have failed to pay Plaintiff and the Class Members at the rate of one and one-half times their regular rate of pay for all hours that they have been employed in excess of 40 hours in a single week, as required by 29 U.S.C. § 207(a).

50.     Defendants' violation of 29 U.S.C. § 207(a) is "willful" within the meaning of 28 U.S.C. § 255(a).

**COUNT II—**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT—**
**FAILURE TO PAY MINIMUM WAGE**

51.     Plaintiff re-alleges and incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

52.     During the three years preceding this action, or since the commencement of employment (whichever is applicable), Defendants have failed to pay Plaintiff and the Class Members for the activities described in the above paragraphs.  In so doing, Defendants have failed to pay Plaintiff and the Class Members a federal minimum wage for hours worked that constitute less than a total of 40 hours in a single week, as required by 29 U.S.C. § 206(a).

53.     Defendants' violation of 29 U.S.C. § 206(a) is "willful" within the meaning of 28 U.S.C. § 255(a).

**COUNT III—**
**VIOLATION OF MINNESOTA'S FAIR LABOR STANDARDS ACT—**
**MINIMUM WAGE AND OVERTIME REQUIREMENTS**

54.     Plaintiff re-alleges and incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

55.     The Minnesota Fair Labor Standards Act, Minn. Stat. § 177.24 requires employers to pay employees minimum wages for all hours worked.  Section 177.25 requires employers to pay employees one and one-half times the regular rate at which they are or were employed for all hours worked over 48 per work week.  Section 177.27 makes employers who violate Sections 177.24 and/or 177.25 liable to the affected employees in an amount of unpaid wages and an additional amount as liquidated damages, costs, attorneys' fees and other appropriate relief under the law.

56.     Upon information and belief, Defendants are a "large employer" for purposes of

Minn. Stat. § 177.24.

57.     Defendants have violated the Minnesota FLSA by regularly and repeatedly failing

to compensate Plaintiff and the Class Members for all time spent on work activities, including

failing to pay minimum wages and overtime wages.

<u>COUNT IV—</u><br>
<u>VIOLATION OF MINNESOTA'S FAIR LABOR STANDARDS ACT—</u><br>
<u>REST AND MEAL BREAK REQUIREMENTS</u>

58.     Plaintiff re-alleges and incorporate the preceding paragraphs of this Complaint as

if fully set forth herein.

59.     The Minnesota FLSA, Minn. Stat. § 177.253, requires that all employees must

receive "adequate time for work within each four consecutive hours of work to utilize the nearest

convenient restroom."  Further, Minn. Stat. § 177.254 requires that "an employer must permit

each employee, who is working eight or more consecutive hours, sufficient time to eat a meal."

60.     Under Minn. Stat. § 177.27, Subd. 7 and Subd. 8, Defendants are subject to a

penalty, of up to $1,000 for each violation for each employee.  Plaintiffs are also entitled to

attorneys' fees and costs incurred in connection with claims incurred under Minn. Stat. § 177.27,

and for all other relief as allowed by law.

61.     Defendants have violated Minn. Stat. §§ 177.253 and 177.254, by failing to allow

Plaintiff and the Class Members to take their allowed rest and/or meal breaks.

<u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiff and the Class Members request that this Court:

A.     Issue notice to all similarly situated current and former employees of Defendants

informing them of their right to file consent forms to join the FLSA portion (FLSA National

Class) of this action, and designation of this action as a collective action pursuant to 29 U.S.C. § 216(b);

B.      Certify the state law claims set forth in Counts III and IV as a class action (Minnesota Class) pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C.      Declare that Defendants violated the FLSA and state law by not paying wages and overtime to Plaintiff and the Class Members for the activities described in the above paragraphs;

D.      Permanently enjoin Defendants from violating the FLSA and the MNFLSA by not paying wages and overtime to Plaintiff and the Class Members for the activities described in the above paragraphs;

E.      Award Plaintiff and the Class Members (for the FLSA National Class) their unpaid regularly hourly rate of pay for hours of work up to 40 hours per week and their unpaid overtime rate of pay for all hours of work in excess of 40 hours per week;

F.      Award Plaintiff and the Class Members (for the Minnesota Class) their unpaid regularly hourly rate of pay for hours of work up to 48 hours per week and their unpaid overtime rate of pay for all hours of work in excess of 48 hours per week;

G.      Award the members of the FLSA National Class liquidated damages in an amount equal to the amount of their unpaid regular and overtime wages under 29 U.S.C. § 216(b);

H.      Award the members of the Minnesota Class liquidated damages and other penalties, consistent with the laws of Minnesota;

I.      Award all Class Members their costs and attorneys fees under 29 U.S.C. § 216(b) and consistent with the laws of Minnesota; and,

J.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial pursuant to the Seventh Amendment of the United States Constitution and Fed. R. Civ. P 38(a).

Respectfully submitted this _____ day of _____, 2010.

**DODA & McGEENEY, P.A.**

BY:   /s/ Daniel P. Doda
          Daniel P. Doda, Atty. Reg. No. 318875
          Attorney for Plaintiff
          421 1st Avenue SW, Suite 301W
          Rochester, MN 55902
          (507) 536-0555
          (507) 536-0558 (Fax)

**SCHMID & O'BRIEN, LTD.**

BY:   s/ Timothy A. O'Brien
          Timothy A. O'Brien
          Co-Counsel to Plaintiff
          6001 Egan Drive, Suite 140
          Savage, MN 55378
          (952) 226-1202
          (952) 226-1203 (Fax)