AO450 (Rev. 5/85)  Judgment in a Civil Case

# UNITED STATES DISTRICT COURT
## District of Minnesota

AARON MESECK and JEFFREY WEBBER, *individually, and collectively on behalf of current and former employees, similarly situated*

V.

TAK COMMUNICATIONS, INC., MICAH MAUNEY, and BRIAN BOYDEN

**JUDGMENT IN A CIVIL CASE**

Case Number: 10-965 JRT/TNL

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:
1. With regard to each and every individual identified on Exhibits A, B, and C to this Order, judgment shall be, and hereby is, entered dismissing the action with prejudice, on the merits, and without taxation of costs in favor or against any party.
2. The preclusive effect of this dismissal with prejudice shall extend to any claims these individuals may have arising from or relating to the alleged non-payment or inaccurate payment of wages or overtime, unreimbursed expenses, and unlawful wage or other deductions through August 18, 2011. This includes, but is not limited to, all claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*; all claims under the Minnesota Fair Labor Standards Act, Minn. Stat. §§ 177.21, *et. seq.;* all claims under the meal and rest break provisions of the Minnesota Fair Labor Standards Act, Minn. Stat. §§ 177.253 and 177.254; all claims under any other wage-related statutes, ordinances, orders, and regulations in Minnesota, including, without limitation, all claims of unpaid wages, overtime, "off the clock" work, penalties, liquidated damages, meal or rest break payments, waiting time, penalties, failure to provide itemized wage statements, unreimbursed expenses, unlawful wage or other deductions, restitution, and other equitable relief, attorneys' fees and costs, any amount due under any compensation, bonus, or benefit to program, all claims of retaliation vis-à-vis complaining about wages or for asserting wage-related claims, all claims for breach of contract, and all Minnesota common law wage claims, including claims of unjust enrichment and quantum meruit (collectively, the "Released Claims").
3. Each and every individual identified on Exhibits A, B, and C to this Order is hereby conclusively deemed to have released defendants from any and all Released Claims.
4. Each and every individual identified on Exhibits A, B, and C to this Order is hereby barred and permanently enjoined from instituting, asserting, or prosecuting any of the Released Claims against defendants directly, individually, representatively, or in any other capacity.
5. Class Counsel shall cause checks to be mailed to each of the individuals identified on Exhibits A and B to this Order in the amounts agreed upon by the parties Agreement and Release of Claims ("Agreement").
6. Class Counsel is awarded attorneys' fees in the amount of $260,000.00 and reimbursement of litigation expenses and costs in the amount of $20,239.81, such amounts to be paid in accordance with the terms and conditions of the parties' Agreement.

7. Named Plaintiffs Aaron Meseck and Jeffrey Webber are awarded service payments in the amount of $15,330.07 each for their service as class representatives in the action, such amounts to be paid in accordance with the terms and conditions of the parties' Agreement.

8. The Court hereby decrees that neither this Final Judgment nor the fact of the parties' settlement is an admission by defendants of any liability or wrongdoing whatsoever. This Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the action. Neither this Final Judgment nor the fact of settlement, settlement proceedings, or settlement negotiations shall be offered or received in evidence as an admission, concession, presumption, or inference against defendants in any proceedings.

9. The Court hereby retains and reserves jurisdiction over: (a) Implementation of the settlement and any distribution to members of the Rule 23 Settlement Class under the terms and conditions of the parties' Agreement; (b) The action, until (i) the date upon which the judgment entered pursuant to this Order becomes final and not subject to further appeal or review, and (ii) each and every act agreed to be performed by the parties shall have been performed pursuant to the terms and conditions of their Agreement; and (c) All parties, for the purpose of enforcing and administering the parties' Agreement and this Settlement.

|  |  |
|---|---|
| April 9, 2012 | RICHARD D. SLETTEN, CLERK |
| Date |  |
|  | s/A. Linner |
|  | (By)     A. Linner   Deputy Clerk |